AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of South Carolina

| | |
|---|---|
| Brian Bowen, II | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No.   3:18-cv-3118-JFA |
| adidas America, Inc., et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Pacers Basketball, LLC – ATTN: Kevin Bower and/or Custodian of Records
125 S. Pennsylvania St., Ste. 600, Indianapolis, IN 46204

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A for definitions, instructions, and requests for production

| Place: 125 S. Pennsylvania Street, Suite 600 Indianapolis, IN 46204 See Attachment A for instructions | Date and Time: 01/04/2021 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/20/2020

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | _Matt Richardson_ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
adidas America, Inc. _____ , who issues or requests this subpoena, are:

Matthew T. Richardson, Esq., Wyche, P.A., 807 Gervais St., Ste. 301, Columbia, SC 29201, mrichardson@wyche.com,
(803) 254-6542

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:18-cv-3118-JFA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Brian Bowen, II, | C/A No.: 3:18-3118-JFA |
| Plaintiff, | |
| v. | **CONFIDENTIALITY ORDER** |
| Adidas America, Inc., James Gatto, Merl Code, Christian Dawkins, Munish Sood, Thomas Gassnola, and Christopher Rivers, | |
| Defendants. | |
| v. | |
| Brian Bowen Sr. | |
| Crossdefendant. | |

Whereas parties to this action agree that certain discovery material should be treated as confidential, and have requested that the court enter a confidentiality order; and whereas the Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court; accordingly, it is this 25 day of September, 2020, ORDERED:

1.    **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2.    **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete

1

removal of the Confidential designation.  Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents.  Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3.      **Documents Which May be Designated Confidential.**  Any party may designate documents as confidential but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information.  The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure.  Information or documents which are available in the public sector may not be designated as confidential.  A document produced to governmental entities in the course of an investigation may be designated as CONFIDENTIAL provided it otherwise meets the requirement of this paragraph.

4.      **Depositions.**   Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within ten business days after receipt of the transcript.  Such designation shall be specific as to the portions to be protected.  However, until the ten day period after receipt of the deposition transcript has expired, all depositions shall be treated as confidential, in their entirety.

5.      **Protection of Confidential Material.**

---

[1]  The attorney who reviews the documents and certifies them to be CONFIDENTIAL must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

a.    **General Protections.**  Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).  The parties shall not disclose documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified.  Notwithstanding the above, nothing in this order prevents a party from using or disclosing its own documents, confidential or otherwise.

b.    **Limited Third Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(8) below.  Disclosure may only be made to a person or entity identified in subparagraphs (3)-(8) below only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it.  Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

(1)    counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2)    parties and employees of a party to this Order;

(3)    court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4)     consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

(5)     mock jury participants;

(6)     any mediator mutually agreed to by the parties or appointed by the court to assist in settlement discussions;

(7)     graphics, translation, design, and litigation support vendors employed or retained by the parties or counsel for the parties to assist in the preparation and trial of this lawsuit; and

(8)     other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c.      **Control of Documents.**   Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this order.   Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

c.      **Receipt of Subpoena or Order for Documents.**  If a party receives a subpoena, order or other process ("subpoena or order") from any person, entity, court, or government, demanding production of documents designated as CONFIDENTIAL pursuant to this Order, the recipient of the subpoena or order shall promptly give notice of it by electronic mail transmission (email), followed by either express mail or overnight delivery (at the producing party's expense), to counsel for the producing party, with a copy of the subpoena or order.  Upon receipt of this notice, the producing party may, in

its sole discretion and at its own cost, move to quash or limit the subpoena or order, otherwise oppose production of the documents designed as CONFIDENTIAL, and/or seek to obtain confidential treatment of the documents from the subpoenaing or ordering person or entity.  The recipient of the subpoena or order may not produce any documents designated as CONFIDENTIAL pursuant to this Order in response to the subpoena or order prior to the date specified for production in the subpoena or order, to allow the producing party sufficient opportunity to move to quash or limit the subpoena or order should the producing party decide to take such course of action.

d.      **Copies.**  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy.  All such copies shall be afforded the full protection of this Order.

6.      **Filing of Confidential Materials.**  In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure

less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion.  Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal.  The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

7.      **Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8.      **Challenges to Designation as Confidential.**  Any CONFIDENTIAL designation is subject to challenge.   The following procedures shall apply to any such challenge.

a.      The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality.

b.      A party who contends that documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge.  The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

c.      Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1)      the party who claims that the documents are confidential withdraws such designation in writing;

(2)     the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 8.b. above; or

(3)     the court rules that the documents should no longer be designated as confidential information.

d.     Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9.     **Treatment on Conclusion of Litigation.**

a.     **Order Remains in Effect.**   All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.     **Return of CONFIDENTIAL Documents.**   Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶5.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction.   Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents.    This work product continues to be Confidential under the terms of this Order.   An attorney may use his or her work product

in a subsequent litigation provided that its use does not disclose the confidential documents.

10.     **Order Subject to Modification.**   This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

11.     **Non-Parties.**   Any documents that may be produced by a non-party witness in discovery pursuant to subpoena or otherwise may be designated by such non-party as "CONFIDENTIAL" under the terms of the Confidentiality Order, and any such designation by a non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the parties.  Any such designation shall also function as a consent by such producing party to the authority of the court in the proceeding to resolve and conclusively determine any motion or other application made by any person or party with respect to such designation, or any other matter otherwise arising under this Confidentiality Order.

12.     **No Judicial Determination.**   This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

13.     **Inadvertent Production of Privileged Documents or Information; Nonwaiver.** When a producing party gives notice to the receiving parties that certain inadvertently produced documents or information are subject to a claim of privilege or other protection (including,

without limitation, the attorney-client privilege and the attorney-work product doctrine), the receiving parties must promptly return or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the party disclosed it before being notified. Any privilege or other protection that may have been raised in documents or information produced in this litigation is not waived as a result of the inadvertent disclosure of those documents in connection with this litigation. The fact of production of privileged or work product information or documents by any producing party in this litigation shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding, provided that such production was inadvertent and the claim of inadvertent production was raised with reasonable promptness. Without limiting the foregoing, this Order shall not affect the parties' legal rights to assert privilege or work product claims over documents in any other proceeding.

Nothing in this Order shall prejudice the right of any party to challenge a producing party's claim that a document is privileged or to preclude any party from requesting the court to determine whether a document is privileged. If the receiving party challenges a privilege claim, the receiving party may submit the documents to the Court for *in camera* review or use the "sealed document" option under the court's electronic filing instructions (referenced in Section 6 above, which also requires submitting the documents for *in camera* review that are requested to be sealed) for a determination of the claim of privilege. If a privilege claim is challenged and the Court determines the documents or some portion of them are not protected from discovery by a privilege or other protection, but the documents are nonetheless Confidential, the documents will be maintained as confidential under this Order.

14.     **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel in this action and their respective law firms and clients.

IT IS SO ORDERED.

September 25, 2020                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge

**ATTACHMENT A**

**CERTIFICATION BY COUNSEL OF DESIGNATION
OF INFORMATION AS CONFIDENTIAL**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Brian Bowen, II,<br><br>        Plaintiff,<br><br>v.<br><br>Adidas America, Inc., James Gatto, Merl Code, Christian Dawkins, Munish Sood, Thomas Gassnola, and Christopher Rivers,<br><br>        Defendants.<br><br>v.<br><br>Brian Bowen Sr.<br><br>        Crossdefendant. | C/A No.: 3:18-3118-JFA<br><br><br>**Certification by Counsel of Designation of Information as Confidential** |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated [confidentiality order date].

By signing below, I am certifying that (1) I have been involved in the process by which documents have been reviewed and produced in this litigation; (2) I have instructed all document reviewers on the requirements of the Confidentiality Order and have directed them to mark documents as confidential only if they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order in the form that was in effect at the time of the review; and (3) the confidentiality markings made by the reviewers constitute a certification that they have been done in accordance with those terms.

Check and complete one of the two options below.

❑    I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is [District Court Bar #].

❑    I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states.  The state in which I conduct the majority of my practice is [state in which I practice most]

11

where my Bar number is [that state's Bar #]. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification

Date:   [date attachment A signed]                    [Signature of Counsel [s/name]]
                                                       Signature of Counsel

                                                       [Printed Name of Counsel [A]]
                                                       Printed Name of Counsel

**ATTACHMENT B**

**ACKNOWLEDGMENT OF UNDERSTANDING**
**AND**
**AGREEMENT TO BE BOUND**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Brian Bowen, II, <br><br>         Plaintiff, <br><br> v. <br><br> Adidas America, Inc., James Gatto, Merl Code, Christian Dawkins, Munish Sood, Thomas Gassnola, and Christopher Rivers, <br><br>         Defendants. <br><br> v. <br><br> Brian Bowen Sr. <br><br>         Crossdefendant. | C/A No.: 3:18-3118-JFA <br><br><br> **Acknowledgment of Understanding and Agreement to be Bound** |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

13

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

| | |
|---|---|
| Name: | [undersigned name [att B]] |
| Job Title: | [Job Title [att B]] |
| Employer: | [Employer [att B]] |
| Business Address: | [Business Address [att B]] |

Date:  **[date attachment B signed]**                    [Signature [attachment B]]
                                                                                     Signature

## ATTACHMENT A TO SUBPOENA TO PRODUCE DOCUMENTS
## ISSUED TO PACERS BASKETBALL, LLC

Defendant adidas America, Inc. ("adidas"), by its undersigned attorneys, hereby

subpoenas Pacers Basketball, LLC to produce the documents, electronically stored information

("ESI"), and things requested herein for examination, inspection, and copying, pursuant to Rules

26, 34, and 45 of the Federal Rules of Civil Procedure and all applicable local rules, by

delivering such electronically by secure File Transfer Protocol ("FTP"), or a mutually agreeable

alternative, to Matthew Richardson, Esq. (mrichardson@wyche.com) by the date and time listed

on the subpoena.

### DEFINITIONS AND INSTRUCTIONS

1.      Except as otherwise specified, these definitions and instructions incorporate by

reference the definitions and instructions set forth in Rules 26, 34, and 45 of the Federal Rules of

Civil Procedure.  Any term not defined should be accorded its ordinary dictionary definition.

2.      **All/Any/Each.**  The terms "all," "any," and "each" shall each be construed as

encompassing any and all.

3.      **And/Or.**  The connectives "and" and "or" shall be construed either disjunctively

or conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

4.      **Bowen Jr.**  The term "Bowen Jr." refers to Plaintiff Brian Bowen, II.

5.      **College.**  The term "college" refers to any institution providing post-secondary

school education.

6.      **Concerning.**  The term "concerning" means relating to, referring to, describing,

mentioning, pertaining to, connected with, created in connection with or as a result of,

1

commenting on, embodying, evaluating, analyzing, or evidencing or constituting, whether in whole or in part, a stated subject matter.

7.     **Document.**  The term "document" is defined in the broadest possible sense and includes, without limitation, any and all writings, personal notes, electronic mail or e-mail, texts, social media content (Facebook, Instagram, Snapchat, Twitter, TikTok, WhatsApp or other instant messaging platforms, including posts, comments or direct messages), materials hosted on cloud-based software such as iCloud or other internet based storage platforms, photos, videos, screenshots, files, voicemails, voice recordings, notes, contacts, facsimiles, studies, calendars, day-timers, diaries, appointment books, agendas, minutes, notes, instructions, demands, schedules, data, notices, drafts, pamphlets, envelopes, bulletins, graphs, maps, charts, sketches, diagrams, drawings, plans, specifications, blueprints, forms, manuals, contracts, agreements, appraisals, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries, records or minutes of meetings or conferences, lists, publications, journals, ledgers, memoranda, notepads, notebooks, postcards, "post-it" notes, tabulations, analyses, evaluations, opinions or reports of consultants or experts, projections, work papers, summaries, reports, surveys, studies, logs, message slips, billing records, invoices, purchase orders, checks (front and back), confirmations, correspondence, letters, brochures, advertising, packaging or promotional materials, financial or statistical statements or compilations, balance sheets, accounting entries, tax returns, loan documents, publications, articles, books, speeches, transcripts, films, computer programs, printouts, computer disks or diskettes, hard drives, USB drives, software, cell phone backups and all recordings made through data processing and/or computer techniques, and the written information necessary to understand and use such materials, and all other written or graphic material of any nature whatsoever, in

2

Pacers Basketball, LLC's possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term. A document includes all attachments, whether by staple, clip, rubber band, or binding, and all appended or embedded links or files.

8.    **Representative.**  The term "Representative" means any person acting on behalf of a person, organization, or association whether that person has actual, implied, or apparent authority to act on that organization's or person's behalf.

9.    **Pacers.**  Unless otherwise specified, the term "Pacers" refers to the National Basketball Association ("NBA") team the Indiana Pacers, based in Indianapolis, Indiana, its affiliated NBA G League team the Fort Wayne Mad Ants, based in Fort Wayne, Indiana, and any coach, manager, trainer, or other staff of the Indiana Pacers or Fort Wayne Mad Ants.

10.   **Tense.**  The present tense includes the past and future tenses.

11.   If any portion of a document is considered responsive to any request, the request shall be construed as requesting production of the entire document.

12.   Except for these instructions and when express reference is made to another paragraph, each paragraph herein should be construed independently and not by reference to any other paragraph herein for purpose of limitation.

13.   Any and all examples or descriptions of documents herein are illustrative only and do not limit the request to those particular documents or types of documents, as if it were explicitly noted that such request was "not limited to" the stated examples.

14.   Questions regarding the interpretation of these document requests should be resolved in favor of the broadest possible construction.

15.   Responsive documents are to be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the enumerated requests

in this demand.  In the event Pacers Basketball, LLC produces copies of the responsive

documents, Pacers Basketball, LLC is requested to retain the originals of all such documents for

inspection.  All attachments and appended or embedded links or files shall be produced if any

one of them is responsive to any of these document requests.  If Pacers Basketball, LLC

possesses no responsive documents with respect to any request, please so state in writing.

     16.     All electronically stored information that Pacers Basketball, LLC ordinarily

maintains in digital or electronic form, other than e-mail, is to be produced in the form in which

it ordinarily is maintained, with the exception of e-mail as set forth below.  All such

electronically stored information shall include any and all associated metadata and any and all

associated files, including but not limited to, attachments or hyperlinked files.

     17.     All e-mails, text messages, instant messages, direct messages, or other messages,

Microsoft Word or other word processing documents, and non-electronically stored information

(paper documents) shall be produced as single-page TIFF images with load files.  All other

electronically stored information shall be produced in its native format, including but not limited

to, all Excel or other spreadsheet files and all PowerPoint or other presentation files.  All

Documents shall include, as applicable, the following metadata fields: PRODBEG, PRODEND,

BEGATTACH, ENDATTACH, CUSTODIAN, NUMPAGES, DOCTYPE, FOLDERPATH,

FROM, TO, CC, BCC, SUBJECT, DATESENT, TIMESENT, DATERECEIVED,

TIMERECEIVED, TIMEZONE, INTERNETMSGID, MESSAGEID, DATECREATED,

TIMECREATED, LASTMODIFIED, AUTHOR, FILESIZE, FILENAME, APPLICATION,

FILEEXT, FILEPATH, NATIVELINK, TEXTLINK, and HASHVALUE.  An e-mail and its

attachments shall be produced as separate records.  The attachment(s) should immediately follow

the parent email.  The parent/child relationship between email and attachment(s) is to be

maintained by properly providing the BEGATTACH and ENDATTACH metadata. Any attachments to an e-mail shall be produced in native format, and shall include all associated metadata. Images should be provided in 1-Bit B&W Group IV Single Page Tiffs (300 DPI), and color images in single page .JPG format when color is necessary. Extracted text should be provided on a document level. A rendering of the email shall be provided in static format that corresponds to the text format of the original e-mail (i.e., plain text e-mails rendered as .txt files, rich text e-mails rendered as .rtf files and .html e-mails rendered as .html files). Any encryption or password protected files should have the protection removed prior to being produced.

18.     If any document or part of a document responsive to this request is withheld under a claim of privilege, work-product immunity, or other claimed privilege or protection from discovery, Pacers Basketball, LLC shall furnish a privilege log of the responsive documents in a form to be agreed by Pacers Basketball, LLC and adidas.

19.     If part of an otherwise responsive document contains information that is subject to a claim of privilege, those parts of the document subject to the claim of privilege shall be deleted or redacted from the document, the deleted or redacted parts shall be clearly marked as such, and the rest of the document shall be produced.

20.     In responding to this document request, Pacers Basketball, LLC shall furnish all documents within its custody or control, wherever located, including documents in the possession of attorneys, Representatives, agents or other persons acting on its behalf. If Pacers Basketball, LLC cannot respond to this document request in full after exercising due diligence to secure the documents requested, it shall so state and respond to the extent possible, specifying the nature of its inability to respond to the remainder.

21.    If any of these requests is objected to, Pacers Basketball, LLC shall serve a response in accordance with the Rules of Civil Procedure, stating with particularity the reasons for the objection, and shall produce the requested documents to the extent that the request is not objectionable.

22.    If Pacers Basketball, LLC contends that a particular request, or a definition or an instruction applicable thereto, is ambiguous, it is requested to set forth in its written response the allegedly ambiguous language and the interpretation of that language that it has adopted in responding to the request in question.

23.    The document requests that follow are to be continuing, and pursuant to the Rules of Civil Procedure, Pacers Basketball, LLC is  requested to provide, by way of supplemental responses thereto, such additional documents as it or any persons acting on its behalf may hereafter obtain that will augment, clarify, or otherwise modify the response now given to these document requests.  Such supplemental responses are to be served by Pacers Basketball, LLC's counsel immediately after the additional documents are discovered, but in no event later than thirty (30) days after such discovery.  In no event shall any supplemental response be served any later than the first day of trial.

24.    When a time period is not specified in a request, the time period shall be from January 1, 2017, through present.

## REQUESTS FOR PRODUCTION

1.    All documents created prior to July 1, 2019, concerning Bowen Jr.'s prospects as a professional basketball player, including but not limited to any written evaluations or assessments, whether formal or informal, of (a) Bowen Jr.'s basketball skills, abilities, deficiencies, performance, or development potential; (b) the impact, if any, of Bowen Jr.'s lack

6

of experience playing college basketball; and/or (c) the impact, if any, of Bowen Jr.'s experience playing professional basketball for the Sydney Kings.

2.      All documents created on or after August 24, 2020, concerning Bowen Jr.'s prospects as a professional basketball player, including but not limited to any written evaluations or assessments, whether formal or informal, of (a) Bowen Jr.'s basketball skills, abilities, deficiencies, performance, or development potential; (b) the impact, if any, of Bowen Jr.'s lack of experience playing college basketball; and/or (c) the impact, if any, of Bowen Jr.'s experience playing professional basketball for the Sydney Kings.

3.      All documents relating to Bowen Jr.'s potential selection in the 2018 or 2019 NBA draft.

4.      A copy of the two-way player contract between the Pacers and Bowen Jr.

5.      All documents concerning the Pacers' decision to sign Bowen Jr. to a player contract and/or the negotiations between the Pacers and Bowen Jr., or any Representative of Bowen Jr., relating to his contract.

6.      All documents concerning interest by other NBA teams in signing Bowen Jr. to a player contract.

7.      A copy of the contents of any employment record or file maintained for Bowen Jr.

8.      All documents and communications relating to Bowen Jr.'s medical condition from 2018 to the present, including but not limited to, the results of any physical examinations, magnetic resonance imaging ("MRI") exams, X-rays, laboratory reports, or other medical tests.

9.      Any document created on or after August 24, 2020, reflecting a desire to retain Bowen Jr. as a member of the Indiana Pacers or Fort Wayne Mad Ants.

10.     All documents concerning the Pacers' decision to extend, or not extend, a Qualifying Offer (as defined in the NBA/NBPA Collective Bargaining Agreement) to Bowen Jr., or to enter into any other contract with Bowen Jr., for the 2020-2021 NBA season.

11.     Documents sufficient to show the Pacers' assessment of the National Basketball League ("NBL"), including its views on the viability of playing basketball in the NBL as a path to the NBA.